# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action
No. 1‑ 0159 E

GLICK NISSAN, INC.    Plaintiff(s)

v.

NISSAN NORTH AMERICA, INC.    Defendant(s)

**SUMMONS**

To the above named Defendant: Nissan North America, Inc., 1501 Cottontail Lane, Somerset, NJ 08873

You are hereby summoned and required to serve upon Burton Chandler, Esq., SEDER & CHANDLER, LLP, plaintiff's attorney, whose address is 339 Main Street, Worcester, MA 01608 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness Barbara J. Rouse, Esquire, at Worcester, the 28th day of January in the year of our Lord two thousand and eleven.

Clerk

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH 93A — MEDICAL MALPRACTICE — OTHER

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court.

I hereby certify and return that on ........................................................................................................

20............, I served a copy of the within summons, together with a copy of the complaint in this action upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4(d) (1-5):

........................................................................................................

........................................................................................................

........................................................................................................

Dated: .................................... 20

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No. 11-0159C

GLICK NISSAN, INC. .................... Plaintiff

v.

NISSAN NORTH AMERICA, INC. .................... Defendant

SUMMONS

(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: Worcester | DOCKET NO. 11-0159E |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Glick Nissan, Inc. | Nissan North America, Inc. |

| Plaintiff Atty | Burton Chandler, Esq. | Type Defendant's Attorney Name |
|---|---|---|
| Address | 339 Main St. | Defendant Atty |
| City | Worcester   State MA   Zip Code 01608 | Address |
| Tel. | +1 (508) 757-7721   BBO# 80,540 | City   State   Zip Code |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO. D99   TYPE OF ACTION (specify)   TRACK F

Petition under Mass. General Law chapter 93 B

IS THIS A JURY CASE?   [✓] Yes   [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                                            $
  2. Total Doctor expenses                                                              $
  3. Total chiropractic expenses                                                        $
  4. Total physical therapy expenses                                                    $
  5. Total other expenses (describe)                                                    $
                                                                          Subtotal      $
B. Documented lost wages and compensation to date                                       $
C. Documented property damages to date                                                  $
D. Reasonably anticipated future medical and hospital expenses                          $
E. Reasonably anticipated lost wages                                                    $
F. Other documented items of damages (describe)                                         $
G. Brief description of plaintiff=s injury, including nature and extent of injury (describe)

Total $

COPY

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant is attempting to grant a franchise to a new nissan dealer within the relevant market area of plaintiff in violation of Massachusetts General Laws Chapter 93 B

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

None

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.@

Signature of Attorney of Record _____   Date: Jan 28, 2011

A.O.S.C. 3-2007

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT | | EQUITABLE REMEDIES | | E11 Worker-s Compensation | (X) |
| | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| personal injury/property damage | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-MedicaL | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, | |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | (D99) Other (Specify) | (F) | E25 Plural Registry (Asbestos cases) | |
| B15 Defamation (Libel-Slander) | (A) | Petition to enjoin a new | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B19 Asbestos | (A) | automobile dealer within the | | E96 Prisoner Cases | (F) |
| B20 Personal Injury- slip & fall | (F) | relevant market area of | | E97 Prisoner Habeas Corpus | (X) |
| B21 Environmental | (F) | Plaintiff under Mass. General | | E99 Other (Specify) | (X) |
| B22 Employment Discrimination | (F) | Laws Chapter 93 B | | | |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

Superior Court Department
Of the Trial Court
Civil Action No. 11-0159

GLICK NISSAN, INC.
       Plaintiff

vs.

NISSAN NORTH AMERICA, INC.
       Defendant

**COMPLAINT AND DEMAND FOR JURY TRIAL ON ALL ISSUES TRIABLE BEFORE A JURY**

1. The Plaintiff is located at 273 Turnpike Road, Westborough, Massachusetts 01581.

2. Nissan North America, Inc. (the "Defendant") is a duly organized corporation with a place of business at 1501 Cottontail Lane, Somerset, New Jersey 08873. Defendant is subject to the jurisdiction of the Court in this law suit as a result of the Massachusetts Long Arm Statute because the Defendant does business in Massachusetts and has other Nissan dealerships in Massachusetts.

3. The Defendant is a manufacturer and/or distributor of motor vehicles under the brand name "Nissan".

4. The Plaintiff has been a Nissan dealer since 1991 and has been located at the same address in Westborough, Massachusetts since that date.

5. The Plaintiff has invested significant sums of money in the said real estate and building thereon from which it does business, as well as the equipment, some of which equipment is specialized to be used in the repair of Nissan

1

motor vehicles. The Plaintiff sells and repairs Nissan motor vehicles from its location at 273 Turnpike Road, Westboro, Massachusetts 01581.

6. The Plaintiff has invested significant sums of money in purchasing an inventory of parts used to service said Nissan motor vehicles.

7. By a letter dated November 1, 2010 the Defendant notified the Plaintiff that the Defendant intended to enter into a Nissan Dealer Sales and Service Agreement with a corporate entity principally owned by Jeffery J. Batta which will authorize the said entity to commence operations as a new Nissan dealer at 320 East Main Street, Milford, Massachusetts .

8. The aforesaid letter was dated November 1, 2010 but it was mailed on November 2, 2010.

9. The address of 320 East Main Street, Milford, Massachusetts, which is the address of the proposed new dealership, is within the "relevant market area" of the Plaintiff's existing Nissan dealership as that term is defined in Massachusetts General Laws, Chapter 93B, Section 1.

10. Under Massachusetts General Law, Chapter 93B the Plaintiff had 45 days to send a protest in writing with respect to the proposed location at 320 East Main Street, Milford, Massachusetts. Said notice was to be sent to the Defendant.

11. The Plaintiff sent said notice to the Defendant in a timely manner. Said notice was sent on December 17, 2010.

2

12. The Defendant currently has difficulty providing certain models of the Nissan brand, which are the most popular automobiles, to the Plaintiff on a timely and regular basis.

13. There are currently Nissan dealerships in Auburn, Massachusetts; Framingham, Massachusetts, Marlborough, Massachusetts, and Fitchburg, Massachusetts. With the exception of Fitchburg, Massachusetts, all of the aforesaid dealerships are close to Plaintiff's location at 273 Turnpike Road, Westborough, Massachusetts.

14. Entering into the new franchise agreement described above is not warranted by current economic and marketing conditions, including anticipated future changes.

15. The retail sales and service business transacted by the Plaintiff in the relevant market area during the three (3) year period immediately preceding the notice sent by the Defendant to the Plaintiff, as aforesaid, is not justified re-entering into a new franchise agreement in the relevant market area.

16. Plaintiff has made significant investments in order to perform its obligations under the existing franchise agreement.

17. The Plaintiff has no current plans to move its business location out of the relevant market area.

18. It is not beneficial to the general public to add an additional franchise in the relevant market area.

19. Section 6(a) of the aforesaid Chapter 93B states that the Defendant cannot enter into a new Nissan franchise agreement which will be situated within the

relevant market area of Plaintiff's dealership without good cause or in bad faith or in an arbitrary or unconscionable manner.

20. The Plaintiff believes and therefore avers that the new franchise agreement proposed by the Defendant has been made without good cause or in bad faith or in an arbitrary or unconscionable manner.

21. If the Defendant enters into the aforesaid new franchise agreement the Plaintiff will suffer serious damages.

Therefore, Plaintiff petitions this Court as follows:

A. To issue a Preliminary Injunction which enjoins the Defendant from entering into a franchise agreement with the corporate entity referred to in Paragraph 7, above.

B. To issue a Permanent Injunction which enjoins the Defendant from entering into a franchise agreement with the corporate entity referred to in Paragraph 7, above

The Plaintiff demands a Jury Trial for all issues triable by Jury.

Respectfully submitted
A.M. Glick Realty Trust
By its attorney

_____
Burton Chandler BBO# 080540
Seder & Chandler, LLP
339 Main Street
Worcester, Ma 01608
Tel: 508-757-7721
bchandler@sederlaw.com

DATED: Jan 24, 2011

4