UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLICK NISSAN, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-10336 |
| NISSAN NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT NISSAN NORTH AMERICA, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Nissan North America, Inc. ("Nissan"), submits this memorandum in support of its motion to dismiss the complaint of Glick Nissan, Inc. ("Glick") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Glick's complaint, which is brought under M.G.L. c. 93B, seeks to enjoin Nissan's proposed establishment of a new Nissan dealership to be owned principally by Jeffrey J. Batta at 320 East Main Street in Milford, Massachusetts. Glick's complaint is deficient as a matter of law for one determinative reason: it is time barred. Glick did not notify Nissan of its intent to protest the establishment of the Milford Dealership within the strict 45 days protest period set forth under Chapter 93B. Because a timely notice of protest is a prerequisite to filing a lawsuit under Chapter 93B, Glick's complaint must be dismissed with prejudice.

## I.   STATEMENT OF UNDISPUTED FACTS

The following is a summary of certain key facts as alleged by Glick in the complaint and in the documents incorporated therein by reference, which the Court is to take as true for purposes of this motion.[1]

Glick is an authorized Nissan dealer located at 273 Turnpike Road in Westborough, Massachusetts. Compl. ¶ 1. By letter dated November 1, 2010 (the "Notice Letter"), Nissan provided to Glick formal notice pursuant to M.G.L., c. 93B, §6(c), that Nissan intends to establish a new authorized Nissan dealership at 320 East Main Street in Milford, Massachusetts (the "Milford Dealership"). Compl. ¶ 7; Exhibit A. In terms of timing, the complaint alleges that although Nissan's Notice Letter is dated November 1, 2010, it was sent on November 2, 2010. Compl. ¶ 8. Glick does not allege that Nissan's Notice Letter is deficient for any reason.

As required by M.G.L., c. 93B, Nissan's Notice Letter set forth its basis for establishing the Milford Dealership. Among those reasons, Nissan stated its belief that the proposed appointment "will enhance the performance of its dealer network and improve its brand presence in the marketplace." Exhibit A. Nissan further stated that "the appointment is warranted by, among other things, economic and marketing conditions, including anticipated future changes, and the performance of the Nissan brand in the local marketing area. It will also benefit the public welfare through increased competition, greater customer service and will provide for the needs of consumers in the local area to be served by the proposed dealer." *Id.* The Notice Letter provided Glick with the necessary contact information if Glick intended to protest the proposed Milford Dealership. *Id.* The Notice Letter also referenced a January 27, 2010 letter in which Nissan notified Glick, and certain other parties, that based on a recent market study, Nissan was considering the establishment of a dealership in Milford. *See id.*

---

[1] A copy of Nissan's notice of appointment letter and Glick's protest letter -- both incorporated by reference in the complaint -- are filed herewith as Exhibits A and B, respectively. The Court may consider documents referenced in the plaintiff's complaint without converting the motion to dismiss into a motion for summary judgment. *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996).

Even though it knew since January 2010 that Nissan intended to open a dealership in Milford and that Nissan sent a Chapter 93B notice dated November 1, Glick did not send to Nissan the statutorily required notice of protest until it sent to Nissan a letter dated December 17, 2010. Compl. ¶ 11; Exhibit B. In its letter, Glick notified Nissan that it intended to file a protest because it contends the current area dealers already provide adequate competition. *See* Exhibit B.

On January 28, 2011, Glick filed its complaint challenging Nissan's proposed establishment of the Milford Dealership as being in violation of Chapter 93B. Glick seeks a preliminary injunction and permanent injunction barring Nissan from establishing the new dealership in Milford. Compl. ¶ 21. Glick served its complaint upon Nissan on February 9, 2011. On February 28, 2011, Nissan removed Glick's complaint to this Court.

## II.   ARGUMENT

**A.   Because Glick Did Not Send to Nissan a Notice of Protest Within the Statutorily Required 45 Days, Its Complaint Is Barred As a Matter of Law And Must be Dismissed.**

    **1.   Chapter 93B, §6 Requires Glick to Send to Nissan a Protest Notice Within 45 Days of Nissan's November 1 Notice if it Wanted to Bring this Suit.**

Chapter 93B, § 6 provides an explicit notice scheme when a manufacturer seeks to establish a new dealership in the statutorily defined relevant market area of existing dealers and for existing dealers in that market area who want to protest such action. The procedures set forth in Chapter 93B, including the strict notice requirements, the deadlines for filing protest actions, and the statutorily required expedited hearing procedures all reflect a legislative balancing of competing interests of manufacturers and dealers. As established Massachusetts case law has recognized, the notice provisions balance the need for manufacturers (and the newly appointed dealers) to be able to move forward with a proposed establishment (or relocation) with the need to give existing dealers a reasonable period to determine whether to protest. They are generally "aimed at providing an expedited mechanism for manufacturers, distributors and dealers 'to test, *before* capital is expended or damage done, the question whether a proposed new dealership

3

unfairly poaches on an existing dealer's territory.'" *American Honda Motor Co. v. Bernardi's Inc.,* 432 Mass. 425, 435 (2000) (emphasis added) (*quoting Richard Lundgren, Inc. v. American Honda Motor Co., Inc.,* 45 Mass. App. Ct. 410, 415 (1998)).

The entire process starts with a notice of the proposed action by the manufacturer wanting to establish a new dealership to the other dealers in the statutorily defined relevant market area. Thus, Chapter 93B § 6(c) requires that the manufacturer send a written notice to the dealers within the relevant market area at least 90 days before the new dealership will be established and provide to those dealers (i) the proposed effective date; (ii) the rationale for the establishment; and (iii) the address where the dealer is to send a notice of protest. It provides:

> Any manufacturer . . . which intends to grant or enter into an additional franchise agreement or to approve the relocation of an existing dealer . . . shall, at least 90 days before granting the additional franchise, [or] entering into the franchise agreement or approving the relocation, send written notice of its intention to do so to each motor vehicle dealer with a franchise agreement covering the same line make into whose relevant market area the proposed new franchise or relocated dealer will be located. The notice shall state the effective date on or after which the proposed franchise shall be granted or entered into or relocation approved, list specific grounds forming the basis for the appointment or relocation based upon information known by the manufacturer or distributor at the time that the notice is sent, and state the address to which any protest hereunder shall be delivered or sent.

M.G.L., c. 93B, § 6(c) (emphases added).

For dealers receiving this notice that want to file a legal action protesting the proposed establishment, Chapter 93B requires that they send a notice to the manufacturer indicating their intent to file a protest and setting forth the reasons why the dealer is challenging the new dealership. Recognizing that both the manufacturer and the proposed new dealer need to be able to move forward with the proposed establishment, Chapter 93B establishes a hard and fast deadline for the protesting dealer. Chapter 93B requires that the dealer send to the manufacturer a notice of protest notice within 45 days from when the manufacturer's notice is sent. Subsection (d) provides:

> Within 45 days after the notice required under subsection (c) has been sent, any motor vehicle dealer into whose relevant market area the additional dealer is to be located or relocated may object to the appointment or relocation, as the case may be, by sending a protest in writing to the location specified in the manufacturer's

4

>or distributor's notice. The protest shall list the specific grounds forming the basis for filing the protest based upon information known by the protesting dealer at the time that the protest is sent.

M.G.L., c. 93B, § 6(d) (emphases added).

The protesting dealer's strict compliance with § 6(d)'s notice requirement is critical because Chapter 93B further provides that a dealer may only file a complaint under Chapter 93B challenging the establishment of a new dealership if the dealer has sent a written protest "in the manner and time required" by the statute. *See* M.G.L., c. 93B, § 6(e). Thus, under the plain language of 93B, if Glick wanted to challenge Nissan's proposed establishment of the Milford Dealership, Glick was required to send Nissan written notice "within 45 days" of Nissan's November 1 notice listing the specific grounds for its protest.

By requiring dealers to act within 45 days, Chapter 93B balances a dealer's right to challenge as "arbitrary" the establishment of dealerships within its relevant market area against the manufacturer's (and the proposed dealer's) need for certainty and the freedom from the threat of future litigation. In particular, the 45-day notice requirement ensures that a dealer cannot take a "wait-and-see what the future holds" approach when notified of the proposed establishment of a dealership. By requiring a protesting dealer send a notice *within* 45 days of the manufacturer's notice, the Massachusetts legislature gave existing dealers what it concluded to be a sufficient opportunity to investigate the proposed new dealership and ultimately decide whether to protest. *Cf. Boston Car Co. v. Acura Automobile Division, American Honda Motor Co.*, 971 F.2d 811, 816-17 (1st Cir. 1992) (concluding that manufacturer's notice of proposed new franchise was effective and fulfilled statutory purpose because it "sufficiently predated the projected opening date of the [new dealership] to allow for effective negotiations, with both [the proposed dealership] and existing dealers, on the exact location of the new dealership, or other accommodations").

**2. The Court Must Construe Chapter 93B Notice Requirement Strictly in Accordance with its Plain Language to Ensure Observance of the Legislature's Intent.**

As with notice provisions in other statutes with similar purposes, to preserve the balance between manufacturers and dealers wishing to protest, Chapter 93B's notice provisions must be applied strictly. *See Water Keeper Alliance v. U.S. Dep't of Defense*, 271 F.3d 21, 29 (1st Cir. 2001) (stating that the Court has "read the 60-day notice requirement in environmental statute citizen suits strictly," as it provides "agencies with an opportunity to resolve the dispute and take any necessary corrective measures before a resort to the courts"). It is well settled that the starting point for interpreting a statute is the language of the statute itself. *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 8 (1st Cir. 2007). Courts assume that the words chosen by the legislature, if not specially defined, carry their plain and ordinary meaning. *In re Hill*, 562 F.3d 29, 32 (1st Cir. 2009). "If that meaning produces a plausible (though not inevitable) result, that is generally the end of the matter." *Id.*

Glick's notice is dated December 17. The fact that the person at Nissan to be notified did not receive the notice until December 20, reflects why the legislature chose to require a response to be sent "within" 45 days of the date the respective notice was sent, as opposed to, for example, the date the notice was actually received. The Massachusetts legislature knew that it had to draw a bright line, and by requiring the protest notice to be sent within 45 days of when the manufacturer's notice was sent, the legislature gave the parties a bright line test to determine the timeliness of a notice. While the dealer may not receive the manufacturer's notice for a day or two, so long as it sends the protest notice "within 45 days" of the manufacturer's notice, its protest will be timely regardless of when it was actually received by the manufacturer. By measuring timeliness as within 45 days of the notice being sent, the legislature established a simple bright line test.[2]

---

[2] Although a finding that Glick's action is time barred may seem harsh, statutes of limitations and other bar dates serve an important purpose in defining the rights of parties. Because it needed to balance competing interests and provide certainty, the Massachusetts legislature chose not to define the timeliness

(Footnote Continued on Next Page.)

### 3. On its Face, Glick's Complaint Establishes that It Did Not Send a Protest Notice Within the Required 45 Days.

The allegations in the complaint unquestionably show that Glick did not send its Protest Notice (dated December 17) within the statutorily required 45 days. While Nissan contends that it sent its notice letter on November 1, even using November 2 as the operative notice date and assuming that Glick's notice was sent on December 17, Glick's notice was untimely. There are 46 days counting from November 2 to December 17, 2010. If Glick wanted to preserve its right to file a protest action, it was required to send a written notice to Nissan within 45 days or no later than December 16 (or December 15 if the Nissan notice was sent on November 1). In all events, because Glick's complaint alleges that Nissan sent its notice no later than November 2 and that Glick sent its notice on December 17, it is untimely. *See Boston Car Co.,* 971 F.2d at 816 (dealer's protest barred because dealer did not notify manufacturer of intent to protest within the 30-day period prescribed by Chapter 93B). Based on the allegations set forth in the complaint, this action is barred and must be dismissed.[3]

Of course, Glick does not assert that Nissan's notice was defective in any way or that Glick did not have sufficient time in which to evaluate Nissan's reasons for proposing a new dealership in Milford; analyze whether a dealership in Milford would have an impact on its business; or seek the advice counsel or other professionals. Indeed, as noted, Nissan notified

---

(Footnote Continued from Previous Page.)

of protest based on some sort of reasonable time provision or based on the individual factors in a particular case. Whether a dealer's notice is one, five, ten or thirty days past the § 6(d) deadline, it is late and time barred. Of course, although not relevant, Glick provides no explanation for why it waited until a letter dated December 17 to send a notice of protest to Nissan, especially where Nissan's notice is dated November 1 and Glick has known since at least January 2010 that Nissan was intending to establish a dealership in Milford.

[3] The timing of the notices required by Chapter 93B is important for the further reason that a dealer seeking to commence a Chapter 93B action must file a complaint "within 90 days after the notice required under subsection (c) was sent to the protesting motor vehicle dealer." M.G.L. c. 93B, § 6(e). Moreover, subsection (b) of section 15 requires the parties to meet and confer for purposes of discussing settlement. Thus, within 45 days of a manufacturer's notice, a dealer must send a notice of protest, meet and confer regarding a potential settlement and file a complaint within the 90 days. Strict adherence to the statutory framework is important.

Glick and other area dealers in January 2010 that based on a recent market study Nissan was considering establishing a new dealership in Milford and thus Glick actually had nearly a full year to evaluate Nissan's proposed appointment. *See* Exhibit A. Nissan's November 1 notice was not a surprise. Because, for whatever reason, Glick chose to wait until December 17 before sending a protest notice to Nissan, Glick's complaint is barred by Chapter 93B § 6(e). The complaint must be dismissed with prejudice.

### III.  CONCLUSION

For all the foregoing reasons, Nissan North America, Inc., respectfully requests that the Court dismiss the complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

**Nissan North America, Inc.,**

By its attorneys,

/s/ John R. Skelton
John R. Skelton, BBO #552606
john.skelton@bingham.com
Deana K. El-Mallawany, BBO #674825
deana.el-mallawany@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: February 28, 2011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by Federal Express to those indicated as non-registered participants on February 28, 2011.

    /s/ Deana K. El-Mallawany, BBO #674825
    deana.el-mallawany@bingham.com